OPINION
David P. Michael is appealing the decision of the trial court, adopting a magistrate's decision, which held Michael responsible for child support arrearages.
The problem with Michael's appeal, however, is that he did not file any objections to the magistrate's decision as required by Civ.R. 53(E)(3) which states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusions of law unless the party has objected to that finding or conclusion under this rule." See State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, in which the Ohio Supreme Court held that the appellant's failure to file objections in accordance with Civ.R. 53(E) precluded assigning error on appeal and requires the affirmance of the judgment. We have followed this rule in the past and have stated that "we understand the reason for this rule to be that because the ultimate outcome of any proceeding in the trial court is the responsibility of the trial judge, who has been duly elected or appointed in accordance with Article IV Section 6(A)(3) or Section 13 of the Ohio Constitution, any alleged imperfection in a deliberation that has been entrusted by the trial judge to a magistrate ought first to be brought to the attention of the trial judge, who should have an opportunity to correct the error before rendering judgment in the matter." Swartzbaugh v. Swartzbaugh (Apr. 14, 2000), Montgomery App. No. 17855, unreported.
The appellant here has assigned one error: "The trial court erred in determining that appellant's child support arrearage should not be vacated based on the appellee's intentional and fraudulent conduct regarding paternity of the minor child, David Raymond Michael." This alleged error, however, was never brought to the attention of the trial court by a duly filed written objection to the magistrate's decision, and, therefore, is not cognizable on appeal.
BROGAN, J., FAIN, J. and YOUNG, J., concur.